JOSEPH BENDETTI, Appellant, v. T. HARRY RANKIN and HUGH RANKIN, Respondents. T. HARRY RANKIN, Respondent, v. THEODORE VALENTI and CLARENCE VALENTI, Appellants. HUGH RANKIN, Respondent, v. THEODORE VALENTI and CLARENCE VALENTI, Appellants.— Appeals from judgments and orders of the County Court of Rensselaer County, entered in the Rensselaer county clerk's office on January 29, 1941, affirming judgments of the City Court of the City of Troy, N. Y. These actions grow out of a collision between two automobiles at the corner of Second avenue and One Hundred and Thirteenth street in the city of Troy at ten-thirty P. M., on the night of December 24, 1939. A car owned by T. Harry Rankin and driven by his son Hugh was proceeding easterly along One Hundred and Thirteenth street when it came into collision with a car proceeding northerly on Second avenue owned by Clarence Valenti, operated by Theodore Valenti, and in which Joseph Bendetti was riding as a passenger. The case was heard by the City Court judge without a jury. It presented clear-cut issues of fact which were resolved in favor of the Rankins. No adequate reason for disturbing this finding appears. Judgments and orders unanimously affirmed, with one bill of costs. Present — Hill, P. J., Crapser, Bliss, Schenck and Foster, JJ.

THE PEOPLE OF THE STATE OF NEW YORK ex rel. EDWARD B. MORGAN and Others, Respondents, v. JOHN J. CUCCI, Assessor, JOHN A. GILES and Others, Constituting the Board of Review of the City of Binghamton, N. Y., Appellants.— Appeal from a final order and judgment of the Supreme Court entered in the Broome county clerk's office on February 21, 1941, reducing the assessment upon the relator's real property. The assessment against relator's real property was reduced from $67,000 to $40,000 as recommended by the referee who heard the proceeding. Aside from the usual differences of opinion as to values on the part of the experts, the evidence entitled to the greatest weight shows that for the past seven years the property has been unrented most of the time and that the disbursements in connection therewith totalled $23,845.30 while the receipts amounted to only $1,245. Efforts have been made to sell it for $30,000 but to no avail. It was also shown that the property was in a very poor state of repair. Order and judgment unanimously affirmed, with fifty dollars costs and disbursements. Present — Hill, P. J., Crapser, Bliss, Schenck and Foster, JJ.